UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMECKA LEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:19-cv-50098 |
| vs. ) | |
| ) | |
| ERIE FOODS INTERNATIONAL, INC., ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, JAMECKA LEACH, by and through her attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for her Complaint against the Defendant, ERIE FOODS INTERNATIONAL, INC., states as follows:

**Preliminary Statement**

1. This is an action for violations of the Title VII and Americans with Disabilities Act in regards to Erie Foods International, Inc., discrimination and failure to provide reasonable accommodations to Jamecka Leach as a result of her pregnancy.

**Parties**

2. Jamecka Leach ("Leach") is an individual residing in Winnebago County, Illinois.

3. Erie Foods International, Inc. ("Erie Foods"), is a corporation and employer located at 401 Seventh Avenue, Erie, IL 61250, and regularly conducts business throughout Illinois.

4. The claims asserted herein arise from Plaintiff's employment with Erie Foods.

**Jurisdiction**

5. This Court has original jurisdiction over this case as this Complaint is predicated on violations of Title VII and American with Disabilities Act Title I against Erie Foods.

**Venue**

6. Venue is proper in this Court under 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

**Facts Common to all Counts**

7. Leach was previously employed by Erie Foods, beginning approximately September of 2016, as a filler blender.

8. Leach's employment duties as a filler blender included filling up bags in a machine, weighing and sealing the bags, and stacking them on a pallet.

9. While employed with Erie Foods, Leach became pregnant toward the end of 2018.

10. Leach was seen by Crusader Community Health in December of 2018, and her physician Dr. Bakytbubu Arynova restricted her from lifting, pushing, and/or pulling anything exceeding 20 pounds in weight due to her pregnancy.

11. Leach informed Erie Foods regarding this restriction on or about December 21, 2018, and was subsequently sent home.

12. Leach returned to work on December 26, 2018, at which time Human Resources at Erie Foods informed her that it could not accommodate her work restrictions.

13. Leach advised Erie Foods that she was previously provided light duty work when she injured her thumb at work on June 17, 2018, at which time she was restricted from using her left hand, and was given the light duty work position of making bags.

14. Erie Foods refused to provide her with any light duty work, including making bags, and failed to provide her with any reasonable accommodations as a result of the restrictions.

15. Erie Foods forced Leach to begin FMLA effective December 26, 2018, due to being unable to provide accommodations for her.

16. Leach informed Erie Foods on December 26, 2018, that her work restrictions would be in effect throughout the entirety of her pregnancy, at which time Human Resources informed her she would likely be terminated from her position once her FMLA expired, due to not being able to accommodate her work restrictions.

17. As of January 21, 2019, Dr. Arynova's restrictions for Leach remained the same.

18. In February of 2019, Erie Foods informed Leach that due to her restrictions remaining the same, she would be terminated effective March 15, 2019, being the last date of her FMLA.

19. As of March 15, 2019, Dr. Arynova did not change the restrictions for Leach, and she was subsequently terminated from her employment with Erie Foods on March 18, 2019.

20. Leach was provided with a termination letter on March 20, 2019, stating that the reason for her termination was due to a weight restriction that Erie Foods could not accommodate.

21. Erie Foods never attempted to provide Leach with any reasonable work accommodations since the inception of the work restrictions by Dr. Arynova, nor engaged in an interactive process with Leach to determine what accommodations were available for her.

22. Leach is aware of multiple employment positions available at Erie Foods that would have complied with her work restrictions, including working at the lab, driving a forklift, and making bags.

23. None of these aforementioned employment positions were offered to Leach when she informed Erie Foods of her restrictions.

### COUNT I: Violation of Americans with Disabilities Act Title I

24. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-23 of the Complaint and incorporates those allegations as if fully set forth herein.

25. Pursuant to 42 U.S.C. § 12102(1)(A) and (B), Plaintiff qualifies as an individual with a disability under the American with Disabilities Act.

26. That in direct violation of 42 U.S.C. § 12112(b), Erie Foods discriminated against Plaintiff by performing one or more of the following intentional acts or omissions:

   a. Limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of her disability;

   b. Utilizing improper standards, criteria, or methods of administration that had the effect of discriminating against Plaintiff on the basis of her disability;

   c. Failing to make reasonable accommodations to Plaintiff based on her known disability;

   d. Utilizing improper qualification standards in order to screen out Plaintiff from reasonable accommodations based on her disability;

   e. Purposely terminating Plaintiff after 12 months in order to not have to provide her with any reasonable accommodations;

   f. Failing to engage in an interactive process with Plaintiff to determine what accommodations were available for her;

   g. Failing to administer any tests on Plaintiff in order to determine the reasonable accommodations necessary for her based on her disability; and/or

   h. Failing to otherwise to provide reasonable accommodations for Plaintiff pursuant to the American with Disabilities Act.

27. That as a result of Erie Foods actions in this matter, there has been a clear violation of Title I of the American with Disabilities Act based on Erie Food's failure to provide and/or attempt to provide Plaintiff with reasonable accommodations.

WHEREFORE, Plaintiff, JAMECKA LEACH, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, ongoing front-pay, punitive damages based on Erie Foods's malice or reckless indifference, and attorney's fees/costs.

### **COUNT II: Violation of Title VII – Unlawful Discrimination**

24. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-23 of the Complaint and incorporates those allegations as if fully set forth herein.

25. That Title VII prohibits discrimination on the basis of sex, which includes pregnancy pursuant to 42 U.S.C. § 2000e(k).

26. That in direct violation of 42 U.S.C. § 2000e-2(a), Erie Foods discriminated against Plaintiff by performing one or more of the following intentional acts or omissions:

   a. Discriminating against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, on the basis of her sex;

   b. Limiting, segregating, or classifying Plaintiff in any way which would deprive or tend to deprive her employment opportunities or otherwise adversely affect her status as an employee, on the basis of her sex;

   c. Accommodating injured employees with modified work positions and purposefully discriminating against Plaintiff, on the basis of her sex; and/or

   d. Otherwise discriminated against Plaintiff in violation of Title VII.

27. That based on the Erie Foods actions in this matter, there has been a clear violation of Title VII based on its unlawful discrimination against Plaintiff based on sex.

WHEREFORE, Plaintiff, JAMECKA LEACH, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, ongoing front-pay, punitive damages based on Erie Foods's malice or reckless indifference, and attorney's fees/costs.

## JURY DEMAND

Plaintiff, JAMECKA LEACH, hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

JAMECKA LEACH, PLAINTIFF

By: /s/ Mohit Khare
     Mohit Khare

Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com